M. Maureen POLSBY, M.D.,
Plaintiff–Appellant,

v.

ST. MARTIN'S PRESS, INC., The Hearst Corporation, Steven G. Spruill, Uldis Klavins, Defendants–Appellees.

No. 00–7501.

United States Court of Appeals, Second Circuit.

May 8, 2001.

M. Maureen Polsby, Washington, DC, pro se.

Bruce W. Sanford, Baker & Hostetler, Washington, DC, for appellees.

Present KEARSE, SACK, Circuit Judges, and RAKOFF, District Judge*

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**92**

SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by plaintiff *pro se* and submitted by counsel for defendants.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff *pro se* M. Maureen Polsby, M.D., appeals from a judgment of the United States District Court for the Southern District of New York, Michael B. Mukasey, *Chief Judge*, dismissing her complaint alleging copyright infringement, and awarding defendants attorneys' fees pursuant to 17 U.S.C. § 505. The district court granted summary judgment in favor of defendants on the grounds that there was no evidence that they had access to Polsby's work and that there was no substantial similarity between the protectible elements of her work and defendants' work. On appeal, Polsby contends principally that she should have been allowed discovery, that the question of substantial similarity should have been left to a jury, and that she should not have been ordered to pay attorneys' fees. For the reasons stated below, we find no ground for reversal.

██ As the district court noted in its Opinion and Order dated April 15, 1999 ("Opinion"), granting summary judgment, "a court may 'determine non-infringement as a matter of law on a motion for summary judgment, either because the similarity between two works concerns only *non*-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar.' *Warner Bros., Inc. v. American Broad. Cos.*, 720 F.2d 231, 240 (2d Cir.1983) (internal quotation marks and citation omitted)." Opinion

at 5 (emphasis in *Warner Bros.*). The court concluded that even if Polsby could establish that defendants had access to her work, summary judgment was warranted because she "cannot establish substantial similarity between the protectible elements of plaintiff's and defendants' works." (*Id.* at 8.) We see no error in this conclusion, and we affirm the granting of summary judgment on this ground.

██ The fact that plaintiff was not afforded discovery provides no basis for reversal here. Although some limited discovery would have been appropriate had the sole ground for the dismissal been defendants' asserted lack of access to plaintiff's work, discovery was not necessary for a comparison of the works in order to assess whether, as to the protectible elements, they were substantially similar.

██ Nor do we see a basis for disturbing the district court's award of attorneys' fees to defendants. A defendant who prevails in a copyright action may be awarded attorneys' fees under 17 U.S.C. § 505 as a matter of the district court's equitable discretion, consistent with the purposes of the copyright laws. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The factors that may guide the exercise of that discretion "include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at n. 19, 114 S.Ct. 1023 (internal quotation marks omitted). The decision to award such fees may not be overturned absent an abuse of discretion. *See, e.g., Matthew Bender & Co. v. West Publishing Co.*, 240 F.3d 116, 121 (2d Cir. 2001). Because we are unpersuaded that

the district court in this case made any error of law or considered any improper factors, we see no abuse of discretion, and we affirm the award of attorneys' fees in favor of defendants.

We have considered all of Polsby's contentions on this appeal, to the extent that they were presented to the district court and are properly before us, and have found in them no basis for reversal. The judgment of the district court is affirmed.

Each side shall bear its own costs on this appeal.